IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **PETER TERRY BELCHER,** | ) | Civil Action No. 7:12-cv-00346 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JANINE M. MYATT, et al.,** | ) | By:   Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Peter Terry Belcher, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331.  Plaintiff names as defendants: Assistant United States Attorneys Janine M. Myatt and Randy Ramseyer; court reporters Willa J. Faris and Bridget A. Dickert; and Alcohol, Tobacco, and Firearms ("ATF") Special Agent Duke.  Plaintiff demands damages and equitable relief because defendants allegedly violated his constitutional rights during his federal prosecution.  After reviewing plaintiff's submissions and the relevant criminal proceedings, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**

**A.**

The following facts are revealed in United States v. Belcher, No. 1:10-cr-00017 (W.D. Va. Jan. 20, 2011).  See Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).  On June 30, 2009, ATF agents arrived at plaintiff's home to investigate whether he was a felon in possession of firearms.  Plaintiff invited the agents into his home, and the agents seized three shotguns and some ammunition they saw in plain view.  A subsequent investigation revealed that plaintiff sold ten M1 rifles that belonged to the United States Army and were

loaned to plaintiff's American Legion Outpost.  ATF agents executed a search warrant on plaintiff's home and recovered numerous firearms, assorted firearm parts, and 4,285 rounds of ammunition.

Plaintiff was ultimately accused of committing four crimes.  In May 2010, a grand jury in the Western District of Virginia indicted plaintiff for (1) being a felon in possession of 10 M1 rifles, in violation of 18 U.S.C. § 922(g)(1) ("Count 1"); and (2) possessing, selling, and disposing of ten stolen M1 rifles, in violation of 18 U.S.C. § 922(j) ("Count 2").  The United States filed an information in August 2010 accusing plaintiff of two additional crimes: (1) being a felon in possession of seven M1 rifles, twenty handguns, thirty-eight rifles, forty-four shotguns, 4,612 rounds of ammunition, and assorted firearm magazines and firearm parts, in violation of 18 U.S.C. § 922(g)(1) ("Count A"); and (2) making materially false statements and representations and causing another person to make false statements to ATF agents, in violation of 18 U.S.C. § 1001(a) ("Count B").

On August 30, 2010, plaintiff appeared before the Honorable James P. Jones, United States District Judge, waived his right to a grand jury indictment, pleaded guilty to Count 2 of the Indictment and Counts A and B of the Information, and agreed to forfeit assets.[1]  See 18 U.S.C. § 924(d) (permitting forfeiture of any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)).  In exchange for the guilty pleas, the United States agreed to the dismissal of Count 1 of the Indictment.  On January 19, 2011, Judge Jones entered plaintiff's criminal judgment that sentenced plaintiff to, inter alia, a total term of thirty months of incarceration and three years of supervised release.  The criminal judgment included a forfeiture Order for "[a]ll firearms and ammunition possessed in violation of 18 U.S.C. § 922," which were

---

[1] Plaintiff entered the guilty pleas pursuant to a written plea agreement that, inter alia, specifically listed the seven M1 rifles, twenty handguns, thirty-eight rifles, forty-four shotguns, 4,612 rounds of ammunition, and assorted firearm magazines and firearm parts to be forfeited.

the items listed in the Information and the plea agreement and which plaintiff presently challenges as being incorrect. Plaintiff is contemporaneously challenging his convictions via a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. United States v. Belcher, supra.

### B.

Plaintiff simply alleges in the Complaint that Myatt's and Ramseyer's "egregious negligence and malicious prosecution" violated plaintiff's Fifth Amendment right to a grand jury indictment or presentment and that Faris' and Dickert's inaccurate transcripts denied him a Sixth Amendment right to a public trial. Plaintiff further alleges that Agent Duke committed an unlawful search and seizure and violated due process by his "egregious negligence" of not accurately recording the inventory of firearms seized from plaintiff's property. Plaintiff requests $197,000 in compensatory damages, $250,000 in punitive damages, and an accurate inventory of forfeited items.

### II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions . . . ."  Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

  A plaintiff cannot receive damages or equitable relief via a Bivens action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of the type of relief sought).  See also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to § 1983 and Bivens actions).  Thus, the court must consider whether a judgment in plaintiff's favor in this action would necessarily imply the invalidity of his conviction in United States v. Belcher; if it would, the court must dismiss the Complaint unless plaintiff can demonstrate that the conviction has already been favorably terminated.  Heck, 512 U.S. at 487. Favorable termination occurs when "the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of the imposed criminal judgment. See 28 U.S.C. § 2461(c) (stating that an order for the forfeiture of property as a result of criminal behavior is part of the criminal judgment). Plaintiff essentially argues actual innocence of the crimes for which he is incarcerated: if it were not for the defendants' alleged negligence, malicious prosecution, and unlawful seizures that deprived plaintiff of constitutional rights, plaintiff allegedly would not have been convicted and forced to forfeit his property. Plaintiff cannot prove favorable termination because he is still subject to the penalties imposed by the criminal judgment he now challenges. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the Complaint is dismissed without prejudice.[2] See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs).

---

[2] Even if the claims were not barred by Heck, the Complaint would be subject to sua sponte dismissal without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), because plaintiff cannot rely on labels and conclusions to state a claim upon which relief may be granted. Twombly, 550 U.S. at 555. See Farmer v. Brennan, 511 U.S. 825 (1994) (stating negligence does not state an Eighth Amendment claim); Davidson v. Cannon, 474 U.S. 344 (1986) (mere negligent failure to protect inmate does not violate the Fourteenth Amendment); Whitley v. Albers, 475 U.S. 312 (1986) ("[O]bduracy and wantonness, not inadvertence . . . characterize the conduct prohibited by [the Eighth Amendment.]"); Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001) (finding that ordinary negligence did not implicate a violation of due process). See also Imbler v. Pachtman, 424 U.S. 409 (1976) (finding that prosecutors have absolute immunity from malicious prosecution claims). Moreover, the court may not order that firearms or ammunition be returned to plaintiff or his agent. See United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) (recognizing that 18 U.S.C. § 922(g) prohibits returning a forfeited firearm or ammunition to a felon, whether for actual or constructive possession).

## III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: August 15, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge